Amy M. Samberg, NV Bar No. 10212
asamberg@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
Telephone:  602-926-9880
Facsimile:   312-863-5099

Dylan P. Todd, NV Bar No. 10456
dtodd@fgppr.com
Lee H. Gorlin, NV Bar No. 13879
lgorlin@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone:  702-827-1510
Facsimile:   312-863-5099

*Attorneys for Plaintiff Primerica Life Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAREN V. AGUILAR, an individual; GWENDOLYN LEAH DYSON, as Administrator of the Estate of John Leonard Coleman; AMERICAN FUNERAL FINANCIAL, LLC, a South Carolina limited liability corporation and, DOES 1-10,<br><br>Defendants. | CASE NO.   2:20-cv-00121-JAD-BNW<br><br>**MOTION FOR INTERPLEADER DEPOSIT (28 U.S.C. § 1335)** |

Pursuant to 28 U.S.C. §1335, Fed. R. Civ. P. 67, and Local rule 67-1, Interpleader Plaintiff Primerica Life Insurance Company ("Primerica") hereby moves this court for leave to Deposit the Interplead Funds in the amount of $412,000.00.  This Motion is based on the pleadings and papers on file and the attached memorandum points and authorities.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Local Rule 67-1 provides, in pertinent part:

**LR 67-1.   DEPOSIT AND INVESTMENT OF FUNDS IN THE REGISTRY ACCOUNT; CERTIFICATE OF CASH DEPOSIT**

(a)   Cash tendered to the clerk for deposit into the court's Registry Account must be accompanied by a written statement titled "Certificate of Cash Deposit," which must be signed by the attorney or pro se party. The certificate must contain the following information:

…

(3)   The nature of the tender (e.g., interpleader funds deposit …);

(4)   The **court order permitting the deposit;**

…

(b)   The depositing party **must attach a copy of the order permitting the deposit**.

(c)   The clerk may refuse cash tendered without the Certificate of Cash Deposit required by this rule.

LR 67-1 (emphasis added).

Here, this action is well under way. Before Primerica can be dismissed from this action, it must deposit the funds with the Court. However, Primerica requires the Court's Order to Deposit before a deposit can be made.

As provided in the Complaint, the amount of funds to be deposited is $412,000.00. (ECF No. 1, at 2:12-13 (¶5)). Upon receipt of the Order to Deposit, the funds will be presented to the Court in the form of a check made payable to Clerk, United States District Court. Once presented, the funds shall be deposited into the Court's Interest Bearing-Registry Account and invested in the Court Registry Investment System ("CRIS").

Primerica is a disinterested stakeholder and does not claim entitlement to any of the funds.[1] The ownership of the funds is disputed between three adverse claimants. As such good cause exists to order the deposit of the funds into the Court registry.

---

[1] Primerica is not waiving its right to ask for its costs and reasonable attorney's fees, to be paid out of the funds, at the time of its dismissal and expressly reserves its rights to do so.

Accordingly, Plaintiff respectfully requests that this Court grant its Motion to Deposit the Interplead Funds, in the amount of $412,000.00, pursuant to 28 U.S.C. § 1335, Fed. R. Civ. P. 67 and Local Rule 67-1.

Dated this 19th day of June 2020.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By: */s/ Lee H. Gorlin*
Amy M. Samberg (NV Bar No. 10212)
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004

Dylan P. Todd (NV Bar No. 10456)
Lee H. Gorlin (NV Bar No. 13879)
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052

*Attorneys for Plaintiff Primerica Life Insurance Company*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: June 22, 2020.

- 3 -