1 MATTHEW W. PARK
Nevada Bar No. 12062
DANIEL P. KIEFER
Nevada Bar No. 12419
LEE KIEFER & PARK LLP
1707 Village Center Circle, Suite 150
Las Vegas, NV  89134
Phone: 702-333-1711
Email: litigation@lkpfirm.com

*Attorneys for Defendant
Gwendolyn Leah Dyson as
Administrator of the Estate of
John Leonard Coleman*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAREN V. AGUILAR, an individual; GWENDOLYN LEAH DYSON, as Administrator of the Estate of John Leonard Coleman; AMERICAN FUNERAL FINANCIAL, LLC, a South Carolina limited liability corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-00121-JAD-BNW<br><br>**STIPULATION AND ORDER TO APPROVE SETTLEMENT AND DISTRIBUTION OF INTERPLEADER PROCEEDS**<br><br>ECF No. 68 |

Defendants Gwendolyn Leah Dyson ("Dyson"), Karen V. Aguilar ("Aguilar"), and American Funeral Financial LLC ("AFF," and together with Dyson and Aguilar, the "Parties") hereby stipulate and agree as follows:

**RECITALS**

1. The Court presently holds insurance proceeds totaling $415,536 (the "Proceeds") which constitute a death benefit on the life of John Leonard Coleman (the "Decedent").

2. Dyson is the Decedent's mother and the appointed personal representative of the Decedent's estate matter filed in the Eighth Judicial District Court, Clark County, Nevada Case No. P-18-097542-E (the "Estate Matter").

3. Each of the Parties have a claim to some or all of the Proceeds.

4.   On November 15, 2021, the Parties attended a Court ordered settlement conference at which the Honorable Magistrate Judge Brenda Weksler presided.

5.   The Parties reached a settlement (the "Settlement") at the settlement conference and the terms of such agreement were memorialized in an email sent to Magistrate Walker on November 15, 2021 at 3:46 pm, Pacific Time.

6.   A copy of the body of the November 15th email which contains all the relevant and material terms of the Settlement is pasted below (the "Settlement Terms"):

> Karen Aguilar ("Karen") and The Estate of John Leonard Coleman, by and through its special administrator, Gwen Dyson (the "Estate," and together with Karen, the "Parties") have agreed to split the funds totally approximately $415,536 (the "Insurance Proceeds") currently held with the clerk of the court for the Federal District Court of Nevada as follows: (1) $174,000 shall be distributed to Karen, and (2) the remainder of Insurance Proceeds will be distributed to the Estate.
>
> The Parties acknowledge that a separate agreement has been entered into between the Estate and the funeral home (AFF) which provided services for the decedent's funeral. The Parties agree that the Estate is solely responsible (i.e., this obligation will not reduce Karen's $174,000) to satisfy any and all amounts owed to the funeral home under the separate agreement, or otherwise. The amount the Estate will pay the funeral home is approximately $42,555 and the proceeds of this settlement to Karen reflect her equal contribution to those costs. The Estate will therefore indemnify Karen from any action that could be possibly taken against Karen.
>
> The Parties further acknowledge that there are certain expenses and debts of the Estate (e.g. costs of administration, creditor claims, etc.) and the Parties agree that these expenses, which the Estate estimates to be currently approximately $23,045, will be the obligation of the Estate alone (i.e. these obligations will not reduce Karen's $174,000) and that the settlement to Karen reflects her equal contribution to those costs so far as they are incurred as of this date. The Parties further agree that each party shall bear their own attorneys' fee and costs in relation to their dispute over the Insurance Proceeds. The Parties further agree that each party shall release any and all claims they have, or may have, to the Insurance Proceeds except for those rights created under this agreement.
>
> The Parties further agree that they will work together to submit a stipulation and order ("SAO") for submission in the federal interpleader action which approves the Parties' settlement and allows the release of the Insurance Funds as soon as probate court approval is provided. Such SAO shall be prepared and filed within ten (10) days of this settlement (November 15, 2021), and shall include AFF as a signatory and recipient of the $42,555 owed to it. Simultaneously with the submission of the SAO in the interpleader action, the Estate will cause a similar stipulation and order in the probate matter to be submitted (AFF and Karen will not be signatories on the same) which seeks approval of the settlement (the

Page 2

"Probate SAO"). Upon entry of the Probate SAO, the federal court will then be authorized to release the Insurance Proceeds in accordance with the Parties' settlement terms outlined in the SAO.

The Parties further agree that the provisions and terms set forth herein are the material provisions required for settlement of the Parties' dispute regarding the Insurance Proceeds and will be binding on the Parties regardless of whether a more complete settlement agreement is executed between the Parties.

7. Pursuant to the Settlement Terms, the Proceeds are to be split as follows: (1) $174,000 to Aguilar, (2) 42,555 to AFF, and (3) $198,981 to Dyson (in her capacity as personal representative).

8. Pursuant to the Settlement Terms, the Proceeds cannot be distributed until approval from the court overseeing the Estate Matter. This approval is to be sought via stipulation and order (the "Probate SAO").

9. Simultaneously with the submission of this stipulation, Dyson has caused the Probate SAO to be submitted in the Estate Matter.

## **STIPULATION**

10. The above recitals are adopted as part of this stipulation.

11. The Settlement and the Settlement Terms should be adopted by this Court.

12. The Proceeds should be split in accordance with the Settlement Terms—i.e., $174,000 to Aguilar, $42,555 to AFF, and $198,981 to Dyson (the "Distributions").

13. The Distributions should be made immediately to the Parties' respective counsel after proof of entry of the Probate SAO has been filed with this Court.

**IT IS SO STIPULATED.**

Dated ___12-15-2021___          Dated ___12-15-2021___

*/s/ Matthew W. Park,*             */s/ Lisa Rasmussen*

Matthew W. Park, Esq.              Lisa Rasmussen, Esq.
LEE KIEFER & PARK LLP              LAW OFFICES OF KRISTINA
1707 Village Center Circle, Suite 150    WILDEVELD & ASSOCIATES
Las Vegas, NV  89134               550 E. Charleston Blvd.
(702) 333-1711                     Las Vegas, NV  89101
Kiefer@lkpfirm.com                 T. (702) 222-0007 | F. (702) 222-0001
*Counsel for Defendant*            *Attorneys for Defendant and Cross-Claimant,*
*Gwendolyn Leah Dyson as Administrator of*  *Karen V. Aguilar*
*the Estate of John Leonard Coleman*

Page 3

Dated __12-15-2021__

/s/ Sarah J. Odia

Sarah J. Odia, Esq.
PAYNE & FEARS LLP
6385 S. Rainbow Blvd., Suite 220
Las Vegas, Nevada 89118
(702) 851-0300
haw@paynefears.com
*Attorneys for Defendant and Cross-Claimant,
American Funeral Financial, LLC*

## ORDER

**Good cause appearing, IT IS HEREBY ORDERED that the Stipulation to Approve the Settlement and Distribution of Interpleader Proceeds [ECF No. 68] is GRANTED.**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED: 12-21-21

Page 4